**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-2569**

———————————

CHEVY CHASE BANK, F.S.B.,

                                        Plaintiff - Appellee,

        versus

WACHOVIA BANK, N.A.,

                                        Defendant - Appellant,

        and

YOUNG & RUBICAM, INCORPORATED,

                                        Defendant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CA-04-275)

———————————

Argued: September 20, 2006        Decided: December 6, 2006

———————————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished opinion. Judge Shedd wrote the majority opinion, in which Judge Wilkinson concurred. Judge Niemeyer wrote a dissenting opinion.

———————————

**ARGUED:** Daniel S. Fiore, Arlington, Virginia, for Appellant. Ralph Arthur Taylor, Jr., ARENT FOX, P.L.L.C., Washington, D.C., for Appellee. **ON BRIEF:** Eric S. Baxter, ARENT FOX, P.L.L.C., Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Wachovia Bank, N.A. ("Wachovia") brings this appeal, asserting that the district court erred when it denied its motion for summary judgment and granted summary judgment in favor of Chevy Chase, F.S.B. ("Chevy Chase"). Finding no error, we affirm.

I

This case involves a dispute over a check in the amount of $341,187.45 issued on July 19, 2002. The check, drawn on the account of Young & Rubicam ("Y&R") at Wachovia, was deposited into an account maintained at Chevy Chase. Subsequently, Chevy Chase presented the check to Wachovia, which paid the check and debited Y&R's account for the amount of the check. When issued, the check was made payable to Hearst Magazines Division. Upon deposit at Chevy Chase, however, the name of the payee was Kon Pesicka/CJ International.

Y&R and Wachovia operate under a "positive pay" agreement, whereby Y&R drafts a check on its account and identifies key features of the check to Wachovia. Specifically, Y&R informs Wachovia of the date, check number, and dollar amount on each check. When the check is later presented to Wachovia for payment, Wachovia verifies each of these identifiers and pays the check unless one of them differs from the information supplied by Y&R.

3

The check presented to Wachovia matched the information provided by Y&R. Wachovia accordingly paid the check without verifying the name of the payee. Y&R subsequently discovered that there were problems with the check, notified Wachovia, and requested that Wachovia produce the original check. However, Wachovia was unable to locate and produce the original check because, pursuant to its policy, Wachovia had destroyed the original check after storing a digital copy. Wachovia, citing "business" reasons, then credited Y&R's account for the value of the check.

Thereafter, Wachovia sought repayment of the check from Chevy Chase based on an assertion of breach of presentment warranty. Upon receiving this request, Chevy Chase launched an investigation to determine whether the check had been forged or altered. Chevy Chase, however, was unable to determine with certainty what type of fraud was committed. More specifically, Chevy Chase could not determine whether the check it received was the check which Y&R had issued but with the name of the payee altered or whether it was a different check which was a forgery or a counterfeit.

Chevy Chase then filed this action, seeking a declaratory judgment regarding its obligations to Wachovia. Wachovia, in turn, sought to hold Chevy Chase liable for breach of presentment warranty under the Virginia Commercial Code. After discovery, both parties moved for summary judgment. The district court, holding

4

that Wachovia had failed to produce sufficient evidence showing that the check had been altered, granted summary judgment in favor of Chevy Chase. Further, the district court alternatively held that Wachovia was precluded from recovery because, under its positive pay agreement, it was not obligated to credit Y&R's account upon discovery of check fraud. Thus, any loss was voluntarily borne by Wachovia, meaning that Wachovia suffered no damages. This appeal followed.

II

We review de novo the district court's decision to grant summary judgment, applying the same standards which the district court employed. Nat'l City Bank of Indiana v. Turnbaugh, 463 F.3d 325, 329 (4th Cir. 2006). Summary judgment is proper only if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In reviewing a grant of summary judgment, we must view all facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted).

Both parties agree that the check received by Chevy Chase and the check issued by Y&R had different payees. This being the case, the check received by Chevy Chase -- and paid by Wachovia -- could have been the original check issued by Y&R (and subsequently altered by an unknown party) or the check could have been a counterfeit check (or a check with a forged drawer signature). The primary factual dispute centers on this distinction. Wachovia contends that the check was altered, while Chevy Chase maintains that the check was forged. The outcome of this factual dispute determines who must bear the loss incurred when the check was paid.

The Virginia Commercial Code provides that a party presenting a check for payment makes a warranty of presentment to the party paying the check. Va. Code Ann. § 8.4-207.2. One of the guarantees included in the warranty of presentment is that the check presented has not been "altered." Id. § 8.4-207.2(a)(2). An alteration is defined as:

> (I) an unauthorized change in an instrument that purports to modify in any respect the obligation of a party, or (ii) an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party.

Id. § 8.3A-407(a). However, the presentment warranty does not include a guarantee that the drawer's signature on the check is authorized. Instead, it provides only that a presenting party <u>has no knowledge</u> that a check bears an unauthorized (or forged)

6

drawer's signature. <u>Id.</u> §§ 8.4-207.2(a)(3), 8.1A-201(41). Similarly, a party seeking payment warrants that he has no knowledge that a check is counterfeit. <u>Nat'l Title Ins. Corp. Agency v. First Union Nat'l Bank</u>, 559 S.E.2d 668, 669 (Va. 2002).

Wachovia has alleged that Chevy Chase breached its presentment warranty by presenting an altered check for payment. Specifically, Wachovia asserts that the check it received from Chevy Chase was the original check which Y&R issued to Hearst Magazine Services. Because this check contained an amount, check number, and date identical to the one Y&R issued, Wachovia concludes that the change in the name of the payee can only be an alteration. Accordingly, Wachovia maintains that it is entitled to recover the amount it paid Chevy Chase upon presentment of the check. <u>See</u> Va. Code Ann. § 8.4-207.2(b).

Wachovia may not recover on its claim for breach of warranty unless it proves that the check it received from Chevy Chase was altered. The district court found that Wachovia failed to carry its burden on this issue. We agree.

In support of its position that the check was altered, Wachovia presented nothing more than an assertion that the check it paid differed from the check which Y&R issued. This fact, of course, is obvious. Beyond this, Wachovia must show that the check it received from Chevy Chase was the original check issued by Y&R but with an altered payee. Wachovia has failed to do this.

Wachovia has presented no witnesses who can testify regarding Wachovia's receipt of the check, meaning that no one can offer evidence regarding the condition of the check when it was presented for payment. More importantly, Wachovia cannot present the original check, having destroyed it after making a digital copy. If Wachovia had produced the actual check itself, an examination of the check may have shed light on whether the check was altered. For example, the check may have contained smudges, erasures, chemical bleach marks, broken fibers, or other signs of alteration. Without the original, even Wachovia's own forensic expert testified that he could not say, with a reasonable degree of scientific certainty, that the check had been altered rather than forged or copied (and therefore counterfeit).

In these circumstances, Wachovia has failed to offer any evidence from which a reasonable factfinder could conclude that the check was altered as opposed to counterfeited. Accordingly, Wachovia cannot carry its burden of proving that Chevy Chase breached its warranty of presentment, and its claim against Chevy Chase fails. Having reached this conclusion, we need not address Chevy Chase's alternative argument that Wachovia's claim must fail for lack of damages.

IV

Based on the foregoing, we affirm the judgment of the district court.

<u>AFFIRMED</u>

NIEMEYER, Circuit Judge, dissenting:

The facts of this case demonstrate, more likely than not, that the check issued by Young & Rubicam, drawn on Wachovia Bank, and presented to Chevy Chase Bank was an altered check, not a forged or counterfeit check. Under the Uniform Commercial Code, therefore, risk of loss by payment on the instrument must be borne by Chevy Chase Bank, and Wachovia Bank is entitled to relief against Chevy Chase Bank for breach of its presentment warranty. See Va. Code Ann. § 8.4-207.2. I believe the majority misapplies the summary judgment standard, which requires only that Wachovia create a "genuine issue as to any material fact." Fed. R. Civ. P. 56(c).

The image of the check presented to Chevy Chase Bank contained numerous indications that it was the image of the actual check issued by Young & Rubicam but with the payee altered: (1) the number on the image agreed with the number on the check issued by Young & Rubicam; (2) the date on the image agreed with the date on the check issued by Young & Rubicam; (3) the amount of the check on the image agreed with the amount of the check issued by Young & Rubicam; (4) the machine-embossed signature of Young & Rubicam agreed with its signature on the actual checks issued contemporaneously; (5) the image had the same front-to-back alignment as other checks in the same batch as the check issued by Young & Rubicam; and (6) the image perfectly overlapped with the typographical features of other checks in the batch issued by Young

10

& Rubicam. Additional circumstantial evidence also supports the claim that the image in question was that of the actual check issued by Young & Rubicam: (7) The actual check issued by Young & Rubicam was never returned, except in its altered form, as shown in the image. If the check presented to Chevy Chase Bank was a counterfeit check, then the original check issued by Young & Rubicam would likely have been returned in the ordinary course of banking procedures. (8) The font used in the payee's name on the image check was different from the font otherwise used on the check and was consistent with alteration by typewriter. This indicates that the payee's name was added by alteration. One counterfeiting a Young & Rubicam check would logically have used the same font type throughout, as Young & Rubicam did when it issued the check. Finally, (9) fraud by alteration of the payee was known to be the common form of fraud used to circumvent the "positive-pay" type of arrangement in place between Young & Rubicam and Wachovia Bank. Such fraud is much harder to detect during the routine, high-volume banking process than a check issued with a forged signature on counterfeit check stock.

Because I conclude that the facts presented by Wachovia make it more likely than not that the image was an image of the original check issued Young & Rubicam but altered, I would conclude, _a fortiori_, that Wachovia's evidence was sufficient to create a

question of fact, requiring us to deny Chevy Chase Bank's motion for summary judgment.

The majority opinion seems to absolve Chevy Chase Bank of any need to rebut Wachovia's evidence, permitting it rely simply on the bare assertion that the check might have been counterfeit, rather than altered. In addition, the majority enters into needless conflict with our sister circuit in the law of negotiated instruments under the Uniform Commercial Code. See Wachovia Bank, N.A. v. Foster Bancshares, Inc., 457 F.3d 619 (7th Cir. 2006). This is unfortunate in an area of law where the need for national uniformity is greatest.

Accordingly, I respectfully dissent.